1998 OK 25

In the Matter of the Application of the OKLAHOMA CAPITOL IMPROVEMENT AUTHORITY for Approval of Not Exceeding $300 Million Oklahoma Capitol Improvement Authority State Highway Capital Improvement Revenue Bonds, Series 1997, for the Construction, Improvement, Maintenance and Repair of All or Part of Certain Roads, Highways and Bridges by the Oklahoma Department of Transportation.

No. 90101.

Supreme Court of Oklahoma.

June 23, 1998.

As Corrected Aug. 21, 1998.

### ORDER

The opinion in the above styled and numbered cause was promulgated on March 20, 1998. A petition for rehearing was filed on April 8, 1998, and the petition was denied on April 30, 1998. On May 1, 1998, the respondents, Jerry R. Fent and Margaret R. Fent, filed a notice of intent to appeal to the United States Supreme Court and a motion to stay mandate.

The Court finds that:

1) The respondents original claim of unconstitutionality of the bonds rested solely upon the Oklahoma Constitution, art. 10, §§ 23, 24 and 25 [Brief of respondents, filed November 14, 1997]. Federal constitutional claims were not raised until the filing of the petition for rehearing on April 8, 1998. Non-jurisdictional issues, raised for the first time on rehearing, are generally unfit for review. [*City of Oklahoma City v. State ex rel. Oklahoma Dept. of Labor*, 1995 OK 107, 918 P.2d 26, 32.]

2) The opinion promulgated in the above styled and numbered cause is based entirely and explicitly upon the Oklahoma Constitution, Oklahoma statutes, and Oklahoma case law. The adequacy and independence of state law as a basis of the opinion is clear. [*Michigan v. Long*, 463 U.S. 1032, 1039, 103 S.Ct. 3469, 3475, 77 L.Ed.2d 1201 (1983).]

3) The gravamen of the opinion being based on *bona fide* separate, adequate, and independent state grounds, the United States Supreme Court should have no basis for review. [*Michigan v. Long, supra.*]

4) The instant cause is an original proceeding. Decisions in original proceedings are effective when the opinion is filed with the Clerk of the Appellate Courts. [Rule 1.193, Oklahoma Supreme Court Rules, 12 O.S.1991, App. 1.] No mandate is issued on the conclusion of an original action. [Rule 1.16, Oklahoma Supreme Court Rules, 12 O.S.1991, App. 1.] Rehearing having been previously denied, no second petition for rehearing may be filed. [Rule 1.13, Oklahoma Supreme Court Rules, 12 O.S. 199, App. 1.] The cause, filed as a motion to stay mandate, is treated as a motion to stay the effectiveness of the Court's decision.

5) Rehearing having been denied, the Court's opinion is a judicial determination of the validity of the bonds and is conclusive as to the Capitol Improvement Authority, the State of Oklahoma, its officers, agents and instrumentalities, and all other persons. [Title 73 O.S.1991 § 160.]

6) Court rules do not provide for the stay of mandate in original proceedings. There being no basis for review in the United States Supreme Court, a stay of the effectiveness of the Court's decision would merely cause undue delay.

7) Adequate relief may be obtained through the application for a stay in the United States Supreme Court. [28 U.S.C.1994 § 2101(f).]

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion to stay the effectiveness of the Court's decision in the above styled and numbered cause is denied.

KAUGER, C.J., SUMMERS, V.C.J., and HODGES, SIMMS and HARGRAVE, JJ., concur.

LAVENDER, OPALA, WILSON and WATT, JJ., dissent.

OPALA, Justice, with whom WILSON, Justice, joins, dissenting from the court's denial of the request by respondents—Jerry R. Fent and Margaret R. Fent—to stay the effectiveness of this court's *March 20, 1998* opinion which the court refused to rehear by its *April 30, 1998* order.

¶ 1 I *would grant* the respondents' request *and stay* the effectiveness of this court's opinion herein. Militating strongly in favor of the course I would pursue and earnestly counsel today are these considerations:

¶ 2 (1) The opinion *approves* a bond issue for funding an ambitious highway construction program. So long as certiorari review by the U.S. Supreme Court remains a *mere possibility,* a serious cloud hangs over the legality of the court-endorsed financing method.

¶ 3 (2) Both the public and the underwriters would benefit from a stay. If there is indeed a federal-law issue to be resolved—a question that *only* the U.S. Supreme Court is competent to answer—the obligation to be incurred should not be *finalized before* the controversy that clouds its validity has been settled.

¶ 4 (3) This court has established a long-standing and proud tradition for *staying the enforcement of all of its decisions* whose review is sought in the U.S. Supreme Court. My combined forty-year stretch of professional and judicial memory indicates, without a doubt, that in no case has a stay, such as that refused today, ever been denied.

¶ 5 (4) Concerns for the public-law nature of this controversy and due consideration for those among the taxpayers of this State who maintain a negative position vis-a-vis the legitimacy of the court-approved action to be reviewed incline me to counsel a more cautious course than that followed today.